# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roscoe Turner,                              :
                   Appellant              :
                               :
            v.                            :    No. 935 C.D. 2024
                               :    Submitted:  June 3, 2025
Alford Lebesco                              :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE MICHAEL H. WOJCIK, Judge (P.)
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER      FILED:  July 14, 2025

Roscoe Turner appeals from an Order of the Court of Common Pleas of Philadelphia County (trial court) denying Turner's post-trial motion following a jury trial.[1]  Specifically, Turner argues the trial court erred in not giving the jury an adverse inference charge based on Alford Lebesco's (Sgt. Lebesco) alleged failure to turn over additional video surveillance footage of an alleged confrontation between the two.  Upon review of the record, we affirm.

---

[1] Although the trial court denied the post-trial motion on November 7, 2023, final judgment, which rendered the Order final, was not entered until June 17, 2024.  (Original Record (O.R.) Item 48.)  For this reason, an earlier appeal from the Order, which was filed with the Pennsylvania Superior Court, was quashed without prejudice for lack of final judgment.  (*Id.*, Item 51.)

Turner initiated this civil action in May 2021 by filing a complaint against Sgt. Lebesco.[2] The complaint stems from an incident between Turner, then an inmate in the Philadelphia Department of Prisons, and Sgt. Lebesco, a correctional officer, two years earlier. Turner averred Sgt. Lebesco slapped Turner across the face causing injury. Turner further averred the incident was caught on video, which was reviewed by the warden and deputy warden as part of Turner's grievance. Turner asserted counts of assault and battery and intentional infliction of emotional distress against Sgt. Lebesco.[3]

Sgt. Lebesco filed an Answer with New Matter, denying the material allegations.[4] Thereafter, a case management order was issued and discovery ensued.[5]

---

[2] A copy of the complaint appears in the Supplemental Reproduced Record beginning at page 1b. As noted by the trial court in its opinion in support of its order denying Turner's post-trial motion, although the caption of the complaint listed other officials of the Philadelphia Department of Prisons, those officials were never served. (Trial Court's 11/7/23 Opinion (Op.) at 1-2.) A copy of this opinion is in the Reproduced Record beginning at page 2. We separately note that although Rule 2173 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 2173, requires the reproduced record to be numbered in Arabic figures followed by a small "a," the Reproduced Record here only utilizes Arabic figures.

[3] The intentional infliction of emotional distress claim was dismissed by the trial court after Sgt. Lebesco moved for a compulsory non-suit or a directed verdict. (9/5/23 Transcript (Tr.) at 150; 9/6/23 Tr. at 4; Trial Court's 11/7/23 Op. at 4.) The complaint also asserted a claim of loss of consortium on behalf of Turner's spouse, but at trial it was determined they were not married at the time of the incident. (Trial Court's 11/7/23 Op. at 2.)

[4] A copy of the Answer with New Matter is in the Original Record at item 4.

[5] In its November 7, 2023 opinion denying the post-trial motion, the trial court recounted the procedural history of the action, including the various pretrial orders issued regarding discovery, which the trial court found Turner repeatedly ignored despite extensions and sanctions. (*See*, *generally*, Trial Court's 11/7/23 Op.; *see also* O.R. Items 11 (Sgt. Lebesco's motion to compel); 13 (8/10/22 Order granting said motion); 14 (Sgt. Lebesco's motion for sanctions); 16 (Turner's motion for extraordinary relief seeking additional discovery time); 17 (Trial Court's 10/13/22 Order granting said motion); 18 (revised case management order); 19 (Trial Court's 10/13/22 Order granting Lebesco's motion for sanctions); 20-21 (Sgt. Lebesco's second motion for sanctions); 22 (Sgt. Lebesco's motion for extraordinary relief seeking additional discovery time); 25 (Trial Court's 2/3/23 order granting said motion); 26 (revised case management order); **(Footnote continued on next page…)**

The matter was ultimately listed for trial in September 2023. (Original Record (O.R.) Items 30, 32-33.)

On August 28, 2023, Turner filed a Motion for Extraordinary Relief stating Turner "believed the video ha[d] been manipulated," and the video was being sent to a forensic video analyst. (Supplemental Reproduced Record (S.R.R.) at 25b.) Turner further alleged Sgt. Lebesco was withholding evidence. (*Id.*) Turner sought additional time to obtain a copy of the video, to allow an investigator to ensure all video footage was obtained, to depose those who reviewed the video, and to engage in additional discovery. (*Id.*) The trial court denied the Motion for Extraordinary Relief on August 31, 2023. (S.R.R. at 26b.)

Trial commenced on September 5, 2023, and concluded September 6, 2023. Turner and Sgt. Lebesco both testified. In addition, five sick call requests, the grievance form, and a video were submitted as evidence. Turner testified the video did not show Sgt. Lebesco slapping him in the face a second time, as that occurred down a hallway. (9/5/23 Transcript (Tr.) at 71, 91-92, 100.) On cross-examination, Turner was asked if his grievance indicated Sgt. Lebesco struck him more than once, and Turner responded it did not. (*Id.* at 95.) Turner testified, in his opinion, the video that was presented was not complete. (*Id.* at 101.)

Sgt. Lebesco testified, as on cross, that he did make contact with Turner's face, but "[i]t was a friendly gesture" or a "friendly tap." (*Id.* at 118, 121.) He also testified the video that was played showed the entirety of his interaction with Turner. (*Id.* at 139.)

At a charging conference on September 6, 2023, the trial court discussed the proposed jury instructions. Regarding Turner's proposed instruction on spoliation

27 (Trial Court's 2/8/23 order granting Sgt. Lebesco's second motion for sanctions); 28 (Sgt. Lebesco's third motion for sanctions).)

or withholding the evidence, the trial court stated "there is no evidence to demonstrate that there was any withholding of evidence, nor was there any discovery conducted prior to trial or the development of a record upon which [the trial court could] make such a determination." (9/6/23 Tr. at 5.) As part of closing arguments, counsel for Turner did argue the entire video was not produced, saying it was part of a cover-up. (*Id.* at 29.)

The jury returned a verdict in Turner's favor on the assault and battery charge but awarded no damages, concluding Turner did not prove, by a preponderance of the evidence, that Sgt. Lebesco was the factual cause of any harm to Turner. (O.R. Item 37.) Thereafter, Turner filed a motion for post-trial relief, which the trial court denied on November 7, 2023. (Reproduced Record (R.R.) at 1, 16-17.) Relevant for purposes of this appeal, the trial court rejected Turner's claim that the trial court erred in denying his Motion for Extraordinary Relief related to the video, stating it was filed days before trial was to commence. (Trial Court's 11/7/23 Op. at 7.) The trial court further found Turner never sought any alleged additional video footage and there was no evidence such video existed. (*Id.*) The trial court determined it was a delay tactic based on speculation. (*Id.* at 7-8.) Accordingly, the trial court determined Turner was not entitled to an adverse inference charge.

Thereafter, Turner appealed. In its opinion issued pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Rule 1925(a) Opinion or Op.), the trial court stated Turner was not entitled to an adverse inference charge for a litany of reasons, including that there was no factual foundation to support any other video exists, let alone that Turner sought such video during discovery. The trial court also explained that Turner was provided the opportunity to challenge the video, and the jury was free to accept or reject that evidence.

4

The sole issue before this Court is whether an adverse inference charge should have been given as a sanction for Sgt. Lebesco not providing other video footage that Turner believes exists showing the complete altercation between the two. Turner frames the question as whether the trial court erred in not giving the requested charge, but we review the trial court's decision for an abuse of discretion. *King v. Pittsburgh Water & Sewer Auth.*, 139 A.3d 336, 345 (Pa. Cmwlth. 2016). "An abuse of discretion exists when the trial court renders a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Id*. (citation omitted).

As we explained in *King*:

> Spoliation of evidence is the non-preservation or significant alteration of evidence for pending or future litigation." *Pyeritz v. Commonwealth*, . . . 32 A.3d 687, 692 ([Pa.] 2011). The doctrine of spoliation provides that a party may not benefit from its own destruction or withholding of evidence. *Manson v. Southeastern Pa. Transp. Auth.*, 767 A.2d 1 (Pa. Cmwlth. 2001).

*King*, 139 A.3d at 345. Once there has been a determination of spoliation, there are three factors that a court should consider in fashioning a remedy: "(1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and, (3) the availability of a lesser sanction that will protect the opposing party's rights and deter future similar conduct." *Id.* An example of an appropriate sanction is an adverse inference charge. This is because one "may reasonably presume that if evidence that is subject to [a preservation] order is subsequently lost, altered or destroyed, that evidence, had it remained available and fully preserved, would have established facts adverse to the party that had possession or control of the evidence." *Id.* at 346.

5

The trial court here denied the adverse inference charge for a number of reasons. As summarized in its opinion denying Turner's post-trial motion, the trial court reasoned:

> In this case, the court lacks the fundamental foundation for giving such a charge – proof that evidence had been withheld. The court could not reach such a conclusion where [Turner] had never requested "all videos," or after viewing the video in question, made a timely inquiry as to whether there were any other cameras operational in the area in question, and whether such video evidence had been retained. Here, the only basis for accusing [Sgt. Lebesco] of withholding evidence and seeking an instruction was speculation – [Turner] saying the video did not show his version of the event. . . . The court had no factual basis to give such a charge and its refusal to do so does not constitute error.
>
> Furthermore, even if error, the error was harmless – the jury found in favor of [Turner], concluding that [Sgt. Lebesco] had committed an assault and battery. However, the jury did not agree that, based on what it saw on the video and [Turner]'s failure to provide expert testimony on his injuries, the claimed injuries were caused by [Sgt. Lebesco]. The lack of causation evidence, not the lack of video showing liability, was the reason for the jury determining that [Turner] was not entitled to damages.

(Trial Court's 11/7/23 Op. at 10.) In its Rule 1925(a) Opinion, the trial court reiterated this reasoning.

We agree with the trial court's reasoning, which is amply supported by the record. Because Turner has not established that the trial court abused its discretion in refusing to charge the jury on adverse inferences, we affirm.

---

**RENÉE COHN JUBELIRER**, President Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roscoe Turner,                  :
             Appellant       :
                             :
        v.                    :      No. 935 C.D. 2024
                             :
Alford Lebesco             :

# **O R D E R**

     **NOW**, July 14, 2025, the Order of the Court of Common Pleas of Philadelphia County, entered in the above-captioned matter, is **AFFIRMED**.

                            _____

                            **RENÉE COHN JUBELIRER,** President Judge